COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-05-478-CR

        2-05-479-CR

 

GLENN THOMAS COLEMAN JR.                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH  DISTRICT COURT OF DENTON
COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Glenn Thomas Coleman Jr.
appeals his convictions and sentences for possession of a controlled substance
with intent to deliver on April 5, 2005, and possession of a controlled
substance on April 19, 2005.  In a single
point, appellant complains that the trial court abused its discretion by
denying appellant=s motion for
mistrial after a State=s witness
testified regarding an extraneous offense that was not included in the State=s notice of intent to use other crimes, wrongs, or acts pursuant to
article 37.07, rule 404(b), and rule 609(f).[2]  We affirm.

Appellant pleaded guilty to
both offenses and elected to have the jury assess his punishment.  During the punishment phase of trial, the
investigating officer testified as follows regarding the search of appellant=s vehicle in conjunction with the April 5 offense:

We
asked for consent to search the vehicle. 
He gave us consent.  . . .  [I]t had a camper shell on it.  Upon searching that, we found a metal tin
that contained some glass pipes ofC  [Emphasis supplied.] 

 

The defense objected to this
testimony as Anot provided
to us on the 404(b) or 609 or 707[3]
notice.@  The prosecutor offered to Amove on,@ and the
trial court instructed the jury to disregard the answer and question at
appellant=s request
but denied appellant=s motion for
mistrial. 








The State=s notice of intent to use extraneous offense evidence lists appellant=s drug paraphernalia possession on April 5, 2005;[4]
therefore, we question whether the officer=s testimony was improper. 
Assuming for argument=s sake, however, that the officer=s testimony was improper, the trial court=s instruction to disregard immediately following the prosecutor=s offer to Amove on@ cured any prejudice to appellant.[5]  Accordingly, the trial court did not abuse
its discretion by denying the motion for mistrial.[6]  We overrule appellant=s point and affirm the trial court=s judgments.

 

PER CURIAM

PANEL F:    CAYCE,
C.J.; DAUPHINOT and HOLMAN, JJ. 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
September 14, 2006











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art.
37.07, '
3(a)(1) (Vernon Supp. 2006); Tex. R.
Evid. 404(b), 609(f).





[3]Appellant
asserts that A707@ in
the reporter=s
record should be A37.07.@  For purposes of this appeal, we will assume
that this assertion is correct.





[4]The
first item listed in the State=s notice of intent to use
evidence reads, AOn or
about 4/5/05, in Denton County, Texas, the defendant was in possession of
marijuana and drug paraphernalia.@  [Emphasis supplied.] 





[5]See
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1070 (2000); accord Russeau v. State, 171 S.W.3d
871, 885 (Tex. Crim. App. 2005), cert. denied, 126 S. Ct. 2982 (2006).





[6]Russeau, 171
S.W.3d at 885; Ladd, 3 S.W.3d at 567.